Case 1:16-cv-00038   Document 8   Filed in TXSD on 01/26/17   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 26, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CHAVEZ-MORENO, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:16-38 |
| § | Criminal No. 1:14-679-1 |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 16, 2016, Petitioner Juan Chavez-Moreno ("Chavez-Moreno") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

## I. Background

On August 26, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Chavez-Moreno for illegally re-entering the United States after having been previously excluded, deported or removed. U.S. v. Chavez-Moreno, Criminal No. 1:14-679-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment

On October 28, 2014, Chavez-Moreno appeared before the Magistrate Judge and, without a written plea agreement, entered a guilty plea to illegally re-entering the United States. CR Dkt. No. 16.

At the rearraignment, Chavez-Moreno was asked if his lawyer "explained [his] right to remain silent to you so you could understand it?" CR Dkt. No. 32, p. 13. Chavez-Moreno replied, "Yes." Id. He was also asked if he "had a chance to meet with [counsel] and talk about your case?" Id, p. 14. He replied, "Yes." He also stated that his lawyer had answered all of his questions. Id.

1

The Magistrate Judge then explained to Chavez Moreno that he had the right to a jury trial, with the full presumption of innocence, with the Government required to prove guilt beyond a reasonable doubt. CR Dkt. No. 32, pp. 17-18. The Magistrate Judge also discussed how Chavez-Moreno had the right to compel witnesses to testify on his behalf and the right to remain silent. Id. He asked Chavez-Moreno if his lawyer explained those rights to him. Id, p. 19. Chavez-Moreno replied, "Yes." Id.

The Magistrate Judge then noted that by pleading guilty, Chavez-Moreno waived all of his constitutional rights and defenses to the charge and was "consenting to a binding judgment of conviction and the imposition of an appropriate sentence based just upon your guilty plea." CR Dkt. No. 32, pp. 19-20. Chavez-Moreno was asked if his lawyer explained these consequences to him. Id. Chavez-Moreno replied, "Yes." Id.

The Court established that Chavez-Moreno had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 32, pp. 8-46.

On February 11, 2015, the District Judge adopted the Report and Recommendation of the Magistrate Judge and accepted Chavez-Moreno's guilty plea. CR Dkt. No. 26.

**B. Sentencing**

In the final presentence report, Chavez-Moreno was assessed a base offense level of eight. CR Dkt. No. 21, p. 4. Chavez-Moreno was also assessed a 12-level enhancement because he had previously been convicted of kidnapping in Texas state court. Id, p. 4. Chavez-Moreno received a three-level reduction for acceptance of responsibility. Id, p. 5. Thus, Chavez-Moreno was assessed a total offense level of 17. Id, p. 5.

Regarding his criminal history, Chavez-Moreno had eight prior adult criminal convictions, which resulted in nine criminal history points. CR Dkt. No. 21, pp. 6-10. With nine total criminal history points, Chavez-Moreno was assessed a criminal history category of IV. Id. Based upon Chavez-Moreno's offense level of 17 and criminal history category IV, the guideline sentencing range was 37 to 46 months of imprisonment.

On February 11, 2015, the District Court sentenced Chavez-Moreno to 42 months of incarceration; three years of supervised release; and a $100.00 special assessment, which was ordered remitted. CR Dkt. No. 28.  The judgment was entered on February 25, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Chavez-Moreno's deadline for filing a notice of appeal passed on March 11, 2015.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On February 16, 2016, Chavez-Moreno timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Chavez-Moreno has made several claims, which the Court restates as two overarching claims: (1) his lawyer never explained to him the consequences of his guilty plea; and, (2) his attorney failed to collaterally attack his prior deportation proceeding.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Chavez-Moreno seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis,

273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir. 1994).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001) ("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Chavez-Moreno's claims, the Court is required to construe allegations

4

by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Guilty Plea

Chavez-Moreno asserts that he did not knowingly and voluntarily plead guilty because his attorney did not explain his rights or the consequences of his guilty plea to him. This claim is belied by the record and is meritless.

At his rearraignment, Chavez-Moreno informed the Court that he had not been forced to plead guilty. CR Dkt. No. 32, p. 41. Chavez-Moreno stated that his lawyer had informed him of the maximum sentence that he faced. Id., p. 28. The Court further explained that as a result of pleading guilty, Chavez-Moreno gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id., pp. 28-29. Chavez-Moreno confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id., p. 29. He further stated that his lawyer had explained his rights – and the consequences of giving up those rights – to him. Id, p. 29.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Chavez-Moreno testified under oath that his attorney explained all of his rights to him as well as the consequences of his guilty plea. He has provided no evidence to overcome the strong presumption of verity. Accordingly, this claim is belied by the record and should be denied.

### B. Prior Deportation

Chavez-Moreno asserts that his guilty plea was involuntary and that his attorney was ineffective because his attorney never collaterally attacked his prior deportation order. This claim, also, is meritless.

Within established parameters, an alien may collaterally challenge a prior deportation

or removal order, when the prior order is used to prove an element of a criminal offense. U.S. v. Mendoza-Lopez, 481 U.S. 828 (1987). "In order successfully to collaterally attack a deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice." U.S. v. Benitez-Villafuerte, 186 F.3d 651, 658-59 (5th Cir. 1999). Actual prejudice "means there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." Id. If the defendant cannot establish actual prejudice, then there is no basis for attacking the deportation, even if procedural deficiencies otherwise existed. See U.S. v. Cuevas, 67 F. App'x 248 (5th Cir. 2003) (affirming § 1326 conviction where defendant could not show actual prejudice from any alleged procedural deficiencies in his prior deportation proceeding).

Chavez-Moreno has alleged multiple procedural deficiencies in his prior deportation proceeding; including that he was not permitted to have counsel at the deportation hearing. Dkt. Nos. 1, 7. As for all of these claims – about procedural shortcomings of his deportation proceedings – the lack of prejudice flowing from each purported failure is dispositive of the claims.

According to the PSR, Chavez-Moreno became a resident alien on February 18, 1985. CR Dkt. No. 21, p. 10. That status is lost and the former resident alien becomes deportable if he is later convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The Attorney General may not waive deportation for any alien who is convicted of an aggravated felony after being lawfully admitted to the United States. 8 U.S.C. § 1182(h).

Under 8 U.S.C. § 1101(a)(43)(F), a conviction for a "crime of violence" is considered an aggravated felony if it results in a term of imprisonment of at least one year. The term "crime of violence" is defined by reference to 18 U.S.C. § 16. Under that statutory definition, a crime of violence is "an offense that has as an element the use, attempted use,

or threatened use of physical force against the person or property of another" or is a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(a)-(b).

In 1989, Chavez-Moreno was convicted of kidnapping under Tex. Penal Code § 20.03. CR Dkt. Nos. 21, 27. The Board of Immigration Appeals has held that kidnapping under Texas law is a crime of violence because it involves the substantial risk that physical force will be used against another person. In Re: Francisco Albarran, 2008 WL 3919056, at *2 (DCBABR July 25, 2008). Furthermore, in 1997, Chavez-Moreno was convicted of assault causing bodily injury and was given a one-year sentence. CR Dkt. No. 21, p. 7. The Fifth Circuit has concluded that assault causing bodily injury is a crime of violence under § 16(b).[1] U.S. v. Gonzalez-Longoria, 831 F.3d 670, 678 (5th Cir. 2016) (en banc); Cantu v. Holder, 582 F. App'x 480, 481 (5th Cir. 2014). Thus, Chavez-Moreno had two prior convictions for a crime of violence, each of which were an aggravated felony. Either felony was sufficient to mandate his deportation. 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1182(h).

Given these facts, there is no basis to conclude that Chavez-Moreno was prejudiced by any procedural deficiencies. With Chavez-Moreno's prior criminal history, his deportation was statutorily mandated. Accordingly, counsel was not ineffective for

---

[1] The Court notes that the Supreme Court is currently considering whether § 16(b) is unconstitutionally vague. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016). The Fifth Circuit has concluded that § 16(b) is constitutional. Gonzalez-Longoria, 831 F.3d 670 (5th Cir. 2016).

Even if the Supreme Court finds § 16(b) to be unconstitutionally vague, it would not alter the analysis of this case. Chavez-Moreno was indicted in August 2014; pled guilty in October 2014; and was sentenced in February 2015. Any argument that § 16(b) is unconstitutional is premised on the Supreme Court's decision in Johnson v. U.S., 135 S.Ct. 2551 (June 26, 2015). See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague based on the Supreme Court's rationale in Johnson). Thus, the legal precedent necessary to attack § 16(b) had not been released at the time of Chavez-Moreno's indictment, guilty plea, or sentencing. Counsel is not expected to be clairvoyant and cannot be found ineffective for failing to anticipate changes in the law. U.S. v. Chapa, 181 F.3d 96, *7 n. 21 (5th Cir. 1999) (collecting cases). Thus, any change, as to whether § 16(b) is unconstitutionally vague, would not support a claim of ineffective assistance of counsel.

failing to collaterally attack his prior deportation. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections."). This claim, like Chavez-Moreno's other claim, is meritless and should be denied.

**IV. Recommendation**

It is **RECOMMENDED** that Juan Chavez-Moreno's petition for writ of habeas corpus be denied.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Chavez-Moreno's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Chavez-Moreno's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 26, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge